IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| In re: ROBERT J. HOUCK | ) | |
|     KAHILEELAH D. HOUCK | ) | |
|     **Debtor(s)** | ) | CHAPTER 13 |
| | ) | |
| SANTANDER BANK, N.A., AS SERVICER | ) | Case No.: 24-12503 (AMC) |
| FOR SANTANDER CONSUMER USA INC. | ) | |
|     **Moving Party** | ) | |
| | ) | **Hearing Date:  9-16-25 at 11:00 AM** |
|   v. | ) | |
| | ) | 11 U.S.C. 362 |
| ROBERT J. HOUCK | ) | |
| KAHILEELAH D. HOUCK | ) | |
|     **Respondent(s)** | ) | |
| | ) | |
| KENNETH E. WEST | ) | |
|     **Trustee** | ) | |

**STIPULATION OF SETTLEMENT OF MOTION OF SANTANDER BANK, N.A., AS SERVICER FOR SANTANDER CONSUMER USA INC. FOR RELIEF FROM THE AUTOMATIC STAY**

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay by William E. Craig, Esquire, attorney for Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), and the Debtors having opposed such Motion through their counsel, Brad J. Sadek, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Santander is the holder of a first purchase money security interest in a 2017 Nissan Maxima bearing vehicle identification number 1N4AA6AP4HC436754.

2. That the parties stipulate that the Debtors' account with Santander has post-petition arrears through August 2025 in the amount of $1,501.40; that with the addition of counsel fees and costs for the instant motion in the amount of $449.00, the total amount to be cured is $1,950.40.

3. That the Debtors are to cure the arrearage set forth in paragraph two (2) above through their Chapter 13 Plan.

4. That by October 31, 2025 the Debtors are to file a Modified Chapter 13 Plan/Motion To Modify Plan consistent with the terms of this Stipulation or

Santander may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

5. That commencing September 2025, if the Debtors fail to make any payment to Santander within thirty (30) days after it falls due, Santander may send, via electronic mail to Debtors' attorney and regular mail to the Debtors, written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

6. That the Debtors must maintain insurance on the vehicle.  The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each.  Santander must be listed as loss payee.  If the Debtors fail to maintain valid insurance, or fail to provide proof of same upon request, Santander may send, via electronic mail to Debtors' attorney and regular mail to the Debtors, written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

7. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for the Debtors

/s/ William E. Craig
William E. Craig, Esquire
Attorney for Santander Bank, N.A., as servicer for
Santander Consumer USA Inc.